JEFFER MANGELS BUTLER & MITCHELL LLP
THOMAS M. GEHER (Bar No. 130588)
*tgeher@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:   (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for Creditor and Equity Holder Paige Gesualdo and Creditor Ralph Gesualdo

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

In re

FRINJ COFFEE, INCORPORATED,

Debtor.

Case No. 9:24-bk-10044 RC

Chapter 11

**RESPONSE OF PAIGE GESUALDO AND RALPH GESUALDO TO DEBTOR'S UPDATED STATUS REPORT REGARDING $3,000,000 INVESTMENT**

Date:   June 5, 2024
Time:   2:00 p.m.
Crtrm.:   201

72307225v1

**AS THE CONTINGENCIES TO THE PROPOSED FINANCING WILL NOT OCCUR, DEBTOR'S CHAPTER 11 CASE SHOULD BE DISMISSED**

On Friday, May 31, 2024, at 8:02 p.m., Frinj Coffee, Inc. ("Debtor") filed *Debtor's Updated Status Report Regarding $3,000,000 Investment; Declaration of John A. Ruskey III and Michael Jay Berger In Support Thereof* (the "Status Report") which attaches a proposed "Series A Preferred Stock Investment Agreement" (the "Investment Agreement") setting forth, in Exhibit "B" thereof, the proposed terms and conditions of a proposed $3,000,000 investment in Debtor by Kent Bakke and Moira Kennelly (collectively, "Bakke").  Notwithstanding that the proposed $3,000,000 investment is contingent upon Paige Gesualdo ("Paige") and Ralph Gesualdo ("Ralph," and together with Paige, "Gesualdo") voluntarily agreeing to various concessions and elements of the terms of the proposed investment, to date, neither the Debtor, nor Bakke, have communicated with Gesualdo with respect to the proposed investment or the concessions and agreements sought from Gesualdo by Debtor and Bakke.  Additionally, Gesualdo does not, and will not, agree to the proposed conditions and concessions sought by Debtor and Bakke for the proposed investment.  Thus, the proposed investment by Bakke will not occur and, therefore, this Court should, as it announced at the hearing on May 22, 2024, dismiss Debtor's chapter 11 case.

The proposed investment by Bakke takes the form of three separate fundings/advances. First, a post-petition loan of $250,000, which shall be an administrative claim against Debtor's estate.  Second, upon the occurrence of various conditions described below (and in the Investment Agreement), including the confirmation of a plan of reorganization, an investment of $2,000,000 (including the $250,000 loan, which converts to equity) in Debtor.  Third, upon the occurrence of various other conditions described below (and in the Investment Agreement), Bakke shall invest the final $1,000,000 in Debtor.  Many of the contingencies to the proposed investment by Bakke require Gesualdo to agree to various concession (while all other creditors are promised payment in full).  However, Gesualdo will not agree to the requested concessions.  Therefore, the proposed investment will not occur.

With respect to the initial proposed $2,000,000 investment in Frinj (which includes the initial $250,000 administrative loan), Section 1.2.2 of Exhibit "B" to the Investment Agreement

72307225v1

2

Case 9:24-bk-10044-RC    Doc 104    Filed 06/03/24    Entered 06/03/24 15:01:43    Desc
Main Document    Page 3 of 6

provides such funds shall be paid to Debtor "within three (3) business days of the occurrence of the last of the conditions listed in Section 2.1.1 of [Exhibit "B" of the Investment Agreement]."

Section 2.1.1 of Exhibit "B" to the Investment Agreement provides that the following contingencies, among several others, must be satisfied before Bakke invests the initial sum of $2,000,000 in Debtor:

    a.    Paige "shall have agreed to dismiss the Fifth through and including Nineteenth causes of action in the Paige Lawsuit[1] based on the following terms:: (b) payment of an amount between $15,346.15 and $75,000, as a creditor's claim in the Bankruptcy for all of the dismissed claims, including attorney's fees"; and

    b.    "With respect to the Bankruptcy: (i) Paige Gesualdo shall have agreed to the Plan[,] (ii) Ralph Gesualdo shall have agreed that the retention amount required by the Company's insurer shall be listed as a creditor's claim in the Bankruptcy[,][2] (iii) [t]he Plan shall provide for all creditors other than Paige Gesualdo to be paid $1.00 for each $1.00 of their claim[,] (iv) the Plan shall have been approved by all creditors of [Debtor][,] (v) [t]he Plan shall have been confirmed by Judge Ronald A. Clifford III or such other judge as is assigned to the Bankruptcy[, and] (vi) [t]he Bankruptcy shall have been dismissed."

The conditions for the $2,000,000 funding will not occur because (i) Paige will not agree to dismiss "the Fifth through and including Nineteenth causes of action in the Paige Lawsuit" on the proposed terms; this Court cannot compel Paige to dismiss her employment related claims

---

[1] Causes of action 5 through and including 19 of the "Paige Lawsuit" (which is stayed as to Debtor and pending in the Santa Barbara Superior Court) are employment related claims based on Debtor's wrongful conduct with respect to Paige's employment at, and wrongful discharge from, Debtor. Many of those causes of action are asserted not only against Debtor, but certain of Debtor's insiders. The Paige Lawsuit also asserts other claims, including fraud claims, against Debtor's insiders, including John A. Ruskey III. The Bankruptcy Court does not have jurisdiction over Paige's claims against non-debtors.

[2] Ralph timely filed a Proof of Claim (Claim No. 4) in the sum of $239,874.23 plus post-petition attorney's fees and costs based on a promissory note that fully matured prior to Debtor's bankruptcy case. Ralph has pending, but stayed, pre-petition litigation against Debtor in the Santa Barbara Superior Court to enforce and collect the relevant promissory note. Apparently, insurance exists for Ralph's claim (and maybe for Paige's claims also), but Debtor did not disclose any insurance in its Schedules (insurance is required to be disclosed in response to item 73 of the Schedules).

72307225v1

against the non-debtor defendants, (ii) Paige will not agree to accept from Debtor "an amount between $15,346.15 and $75,000, as a creditor's claim in the Bankruptcy for all of the dismissed [employment related] claims, including attorney's fees" (especially when all other unsecured creditors will supposedly receive a 100% distribution on their claims), (iii) Paige (and Ralph) will not agree to, and will vote against, Debtor's plan of reorganization, (iv) Ralph will not agree "that the retention amount required by [Debtor's] insurer shall be listed as a creditor's claim in the Bankruptcy,"[3] (v) Paige will not agree to a discounted payment on her claim while all other unsecured creditors are paid in full, and (vi) the Plan will not be approved by all creditors because Paige and Ralph will not vote in favor of the Plan.  Additionally, the separate contingencies that (i) Debtor's Plan be confirmed and (ii) Debtor's bankruptcy be dismissed cannot happen – only one or the other can happen, yet both are required for the proposed investment.

The contingencies for Bakke's initial $2,000,000 investment will not be satisfied.  Thus, Bakke's investment will not happen.  This Court should, as it announced at the May 22, 2024, hearing, dismiss Debtor's case.[4]

## CONCLUSION

The Bakke proposed investment in Debtor will not happen because Gesualdo will not agree to the concessions required for the proposed investment to take place.  Prior to the filing of

---

[3] Ralph assumes that his proof of claim will be paid in full, notwithstanding that the promissory note which is the basis of his claim was assigned to him by Paige.  As Debtor has never disclosed the existence of any insurance policy with respect to Ralph's claim (or Paige's claims), Ralph has no information with respect to insurance, including "retention amount."  Debtor's failure to disclose assets, i.e., insurance, is further grounds for the dismissal of Debtor's chapter 11 case.  Further, concerning Debtor's "assets," Paige has been informed that recently at least three other growers (in addition to Sun BZL, LLC) have obtained possession of their coffee beans which were in the possession of Debtor.

[4] As (i) Bakke's proposed investment/financing would supposedly pay off all creditors, except for Paige (and maybe Ralph), (ii) Debtor is not facing any foreclosure, loss of assets (Debtor has admitted that the coffee beans are the property of the growers and not the property of Debtor) or the appointment of a receiver, and (iii) Debtor apparently has some unknown and undisclosed insurance to cover the lawsuit brought by Ralph (and maybe the lawsuit brought by Paige), Bakke and Debtor can continue to pursue a financial transaction (and conduct, for the first time, discussions with Paige and Ralph) outside of a Subchapter V Chapter 11 case.  As Debtor's plan of reorganization on file is patently unconfirmable and the contingencies to Bakke's proposed investment will not be met, it is time to dismiss Debtor's Subchapter V Chapter 11 case.

72307225v1

the Status Report, Debtor and/or Bakke did not communicate with Gesualdo concerning the proposed investment, the proofs of claim filed by Paige and Ralph, or the concessions sought by Bakke for the proposed investment to occur. This Subchapter V Chapter 11 case is now almost five months old with no end in sight. Debtor's filed plan is patently unconfirmable and it is now time to dismiss Debtor's bankruptcy case.

Dated: June 3, 2024        By:     /s/ Thomas M. Geher
                                    THOMAS M. GEHER
                                    Attorneys for Creditor and Equity Holder Paige
                                    Gesualdo and Creditor Ralph Gesualdo

72307225v1

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1900 Avenue of the Stars, 7th Floor, Los Angeles, California 90067

A true and correct copy of the foregoing document entitled (*specify*): **RESPONSE OF PAIGE GESUALDO AND RALPH GESUALDO TO DEBTOR'S UPDATED STATUS REPORT REGARDING $3,000,000 INVESTMENT**, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 3, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **William C Beall**
  will@beallandburkhardt.com,
  carissa@beallandburkhardt.com
- **Michael Jay Berger**
  michael.berger@bankruptcypower.com,
  yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Brian David Fittipaldi**
  brian.fittipaldi@usdoj.gov
- **Thomas M Geher**    tmg@jmbm.com,
  bt@jmbm.com;tmg@ecf.courtdrive.com

- **Karen L Grant**    kgrant@silcom.com
- **Anne C Manalili**    Anne.Manalili@sba.gov
- **Andrew Ramos**    scif.legal.bk@scif.com
- **Mark M Sharf (TR)**    mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
- **United States Trustee (ND)**
  ustpregion16.nd.ecf@usdoj.gov
- **Larry D Webb**    Webblaw@gmail.com,
  larry@webblaw.onmicrosoft.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) June 3, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
VIA OVERNIGHT MAIL
The Honorable Judge Ronald A. Clifford III
United States Bankruptcy Court
Central District of California
1415 State Street, Suite 233
Santa Barbara, California 93101-2511

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 3, 2024 | Billie Terry | /s/ Billie Terry |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**