| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Michael Jay Berger (SBN 100291)**<br>**Sofya Davtyan (SBN 259544)**<br>**Law Offices of Michael Jay Berger**<br>**9454 Wilshire Boulevard, 6th floor**<br>**Beverly Hills, CA 90212**<br>**(310) 271-6223 Fax: (310) 271-9805**<br>**E-mail: Michael.berger@bankruptcypower.com**<br>**E-mail: Sofya.Davtyan@bankruptcypower.com**<br><br>☐ *Individual appearing without attorney*<br>☑ Attorneys for: FRINJ Coffee, Incorporated | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br><br>**FRINJ Coffee, Incorporated,**<br><br><br>                                              Debtor. | CASE NO.: **9:24-bk-10044-RC**<br>CHAPTER: **11**<br><br>**NOTICE OF MOTION PURSUANT TO F.R.B.P. 9019 TO APPROVE SETTLEMENT AGREEMENT BETWEEN DEBTOR FRINJ COFFEE, INCORPORATED, CREDITORS PAIGE AND RALPH GESUALDO, AND OTHER SETTLING PARTIES INCLUDING: (1) JOHN A. RUSKEY III; (2) ANDY D. MULLIN; (3) KARI SHAFER; DECLARATION OF JOHN A. RUSKEY III IN SUPPORT THEREOF** |
|---|---|
| | DATE:  December 3, 2024<br>TIME:  1:00 p.m.<br>COURTROOM: 201<br>PLACE: U.S. Bankruptcy Court<br>            Courtroom 201<br>            1415 State Street<br>            Santa Barbara, CA 93101<br><br>**Video/Audio Connection Details:**<br>https://cacb.zoomgov.com/j/1608397265<br>Meeting ID: 160 839 7265<br>Password: 563994<br><br>**Telephone Connection Details:**<br>(Toll Free) 833 568 8864<br>Meeting ID: 160 839 7265<br>Password: 563994 |

1.       TO (specify name):   **THE HONORABLE RONALD A. CLIFFORD III, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, THE UNITED STATES TRUSTEE, SUBCHAPTER V TRUSTEE, ALL CREDITORS AND THEIR RESPECTIVE COUNSEL, AND ALL INTERESTED PARTIES:**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                          Page 1                                **F 9013-1.1.HEARING.NOTICE**

2.    NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3.    **Your rights may be affected.**   You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

4.    **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5.    **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date: 10/22/2024

**Law Offices of Michael Jay Berger**
Printed name of law firm

Signature
**Michael Jay Berger**
Printed name of attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 2                          **F 9013-1.1.HEARING.NOTICE**

MICHAEL JAY BERGER (State Bar # 100291)
SOFYA DAVTYAN (State Bar # 259544)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone: (310) 271-6223
Facsimile: (310) 271-9805
E-mail: Michael.Berger@bankruptcypower.com
E-mail: Sofya.Davtyan@bankruptcypower.com

Counsel for Debtor
FRINJ Coffee, Incorporated

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>FRINJ Coffee, Incorporated,<br><br>          Debtor-in-Possession. | Case No.   9:24-bk-10044-RC<br><br>Chapter 11<br><br>**MOTION PURSUANT TO F.R.B.P. 9019 TO APPROVE SETTLEMENT AGREEMENT BETWEEN DEBTOR FRINJ COFFEE, INCORPORATED, CREDITORS PAIGE AND RALPH GESUALDO, AND OTHER SETTLING PARTIES INCLUDING: (1) JOHN A. RUSKEY III; (2) ANDY D. MULLIN; (3) KARI SHAFER; DECLARATION OF JOHN A. RUSKEY III IN SUPPORT THEREOF**<br><br>Date: December 3, 2024<br>Time: 1:00 p.m.<br>Place: U.S. Bankruptcy Court<br>      Courtroom 201<br>      1415 State Street<br>      Santa Barbara, CA 93101 |

1

**TO THE HONORABLE RONALD A. CLIFFORD III, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, THE UNITED STATES TRUSTEE, SUBCHAPTER V TRUSTEE, AND TO ALL INTERESTED PARTIES:**

FRINJ Coffee, Incorporated, the debtor and debtor-in-possession herein ("Debtor" or "Frinj") in the above Chapter 11 Bankruptcy case, hereby moves this Court for an Order approving the Settlement Agreement and Mutual General Release between Frinj, Creditors Paige Gesualdo and Ralph Gesualdo (hereinafter "Gesualdo Parties"), and the other settling parties including: John A. "Jay" Ruskey III ("Ruskey"); Kari Shafer ("Shafer"), and Andy Donald Mullins ("Mullins") (collectively, the "Frinj Parties"), (each, a "Party" and together with Gesualdo Parties, the "Parties").

Gesualdo Parties filed Proofs of Claim in the Frinj's bankruptcy case ("Ralph Gesualdo POC #4" and "Paige Gesualdo POC #9" collectively referred to as the "Gesualdo POCs"). The Gesualdo POCs arose out of the pending dispute between the Parties.

The Parties have collectively negotiated a settlement entitled Settlement Agreement and Mutual General Release (hereinafter the "Settlement Agreement") which contemplates the global settlement of the entire dispute between the Parties. Frinj seeks an Order of this Court approving the Settlement Agreement. Through this Settlement Agreement, Frinj will pay $850,000.00 to Gesualdo Parties through its Amended Plan of Reorganization and the insurance carrier will pay $250,000.00 to Gesualdo Parties, for a total settlement sum of $1,100,000.00 ("Settlement Amount"), Frinj will redeem and acquire all of Paige's common stock in Frinj, and the Gesualdo Parties will support confirmation of Frinj's Amended Plan of Reorganization that incorporates the terms of the Settlement Agreement. The Settlement Agreement resolves the pending litigation between the Parties, significantly reduces Paige Gesualdo's unsecured claim in the Debtor's case, resolves the remaining pending issues allowing the Debtor to file an Amended Plan of Reorganization and obtain a confirmation of its Amended Plan.

1    This Motion is supported by an accompanying Notice of Motion, the Memorandum of

2   Points and Authorities, the pleadings, and papers on file in this bankruptcy case, and by the

3   Declaration of John A. Ruskey III in support of the Motion.

4    Wherefore, the Debtor requests the Court issue its Order approving the Settlement

5   Agreement between the Parties, and for any other relief deemed necessary and proper.

6

7   Dated:  October 23, 2024                    **LAW OFFICES OF MICHAEL JAY BERGER**

8

9
                                               By:____/s/ Michael Jay Berger_____
10                                                   Michael Jay Berger
                                                     Sofya Davtyan
11                                                   Attorneys for Frinj Coffee, Incorporated

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF FACTS

On January 16, 2024, Frinj Coffee, Incorporated filed its voluntary case under chapter 11 of the Bankruptcy Code as a Subchapter V case.

A.    Summary of the Gesualdo/Frinj Pending Litigation, Bankruptcy Proofs of Claim and Objections Thereto

On or about April 12, 2021, Paige invested $500,000 in Frinj, which was memorialized by a 12% Convertible Promissory Note of even date.

On or about May 1, 2021, Paige became an employee of Frinj.

On or about June 3, 2021, Paige invested $700,000 in Frinj, which was memorialized by a 12% Convertible Promissory Note of even date.

In January 2022, Paige loaned $200,000 to Frinj, which was memorialized by a Loan Agreement and Promissory Note dated January 26, 2022 (the "Paige Note").  On February 20, 2023, Paige assigned her rights under the Paige Note to Ralph.  On March 6, 2023, Frinj paid to Paige the interest that had accrued on the loan as of February 20, 2023.

In August 2022, the $1,200,000 that Paige had invested in Frinj, along with the interest accrued pursuant to the Convertible Promissory Notes, was converted to 2,369,050 shares of Frinj common stock.

In or about June 2023, Paige's employment at Frinj ended.

On August 28, 2023, Ralph filed a lawsuit against Frinj entitled Ralph Gesualdo v. Frinj Coffee, Inc., Santa Barbara Superior Court Case No. 23CV03712 (the "Ralph Lawsuit") alleging that Frinj breached the Paige Note by failing to fully repay it.  Frinj filed an Answer denying the claim.

On December 1, 2023, Paige filed a lawsuit against the Frinj Parties entitled Paige Gesualdo v. John A. "Jay" Ruskey III, et al., Santa Barbara Superior Court Case No. 23CV05305

(the "Paige Lawsuit") alleging that the Frinj Parties committed various torts, breaches of contract, and other wrongful acts and omissions. Ruskey, Shafer, and Mullins filed an Answer denying the claims.

On January 16, 2024, Frinj filed a Voluntary Petition that initiated a Chapter 11, Subchapter V bankruptcy proceeding in the United States Bankruptcy Court for the Central District of California, Northern Division (the "Bankruptcy Court"), Case No. 9:24-bk-10044-RC (the "Frinj Bankruptcy"). In the Frinj Bankruptcy, (i) Paige filed (a) a Proof of Interest with respect to her common stock in Frinj (the "Paige Proof of Interest"), and (b) a Proof of Claim in the amount of $7,067,261.46 (the "Paige Proof of Claim") and (ii) Ralph filed a Proof of Claim in the amount of $239,874.23 (the "Ralph Proof of Claim"). Frinj has objected to the Paige Proof of Claim and has not objected to the Ralph Proof of Claim.

On September 20, 2024, all Parties attended a mediation held before retired Los Angeles Superior Court Judge Craig D. Karlan of ADR Services, Inc. and, shortly thereafter, reached an agreement among them concerning their respective claims, rights and obligations.

As a result of the mediation, the Gesualdo Parties, on the one hand, and the Frinj Parties, on the other hand, now desire to settle and extinguish all of their respective claims, obligations, disputes, and differences, including without limitation the Ralph Lawsuit, Paige Lawsuit, Frinj Bankruptcy, the Paige Proof of Interest, the Paige Proof of Claim, the Ralph Proof of Claim and all claims, causes of action, and defenses that were raised or could have been raised in any of them.

## II.   MATERIAL TERMS OF THE SETTLEMENT AGREEMENT

The Parties have negotiated a settlement entitled "Settlement Agreement and Mutual General Release" (hereinafter the "Settlement Agreement") which contemplates the global settlement of the entire dispute between the Parties. Frinj seeks an Order of this Court approving the Settlement Agreement. Through the Settlement Agreement, the Parties agree as follows:

- Paige Proof of Claim shall be allowed in the sum of $3,618,880.71 (the "Allowed Paige Proof of Claim") and the pro-rata distribution on such claim shall be paid pursuant to the Amended Plan of Reorganization on the Plan Effective Date;

- The Frinj Parties agree to pay Gesualdo Parties, collectively, the total sum of One Million One Hundred Thousand Dollars ($1,100,000) (the "Settlement Amount") payable on the Plan Effective Date;

- The Plan Effective Date is defined as the first business day following the date that is 30 days after the entry by the Bankruptcy Court of the Order confirming such further amended Plan of Reorganization as submitted to the Court (the "Plan Effective Date");

- Frinj's insurance carrier that is providing a defense to the Frinj Parties in the Paige Lawsuit (the "Carrier") will pay $250,000 to Paige on the Plan Effective Date;

- Frinj's bankruptcy estate will pay to Gesualdo Parties through its Amended Plan of Reorganization on the Plan Effective Date no more than $850,000, to be determined based on the Carrier's final contribution;

- The balance owing on the Settlement Amount, if any, will be guaranteed, jointly and severally by Ruskey, Shafer, and Mullins, pursuant to section 1(e) of the Settlement Agreement;

- Frinj and the guarantors reserve the right to negotiate with the Carrier but no modification of the $250,000 would be effective without the Carrier's written consent.

- Upon payment of the full Settlement Amount to Gesualdo Parties, all shares of Frinj common stock currently owned by Paige will be deemed redeemed and repurchased by Frinj;

- Within five (5) business days after payment of the Settlement Amount to Gesualdo Parties, and the Settlement Amount clearing the Gesualdo Parties' bank(s), counsel for Ralph shall file a Request for Dismissal with prejudice in the Ralph lawsuit;

MOTION PURSUANT TO F.R.B.P. 9019 TO APPROVE SETTLEMENT AGREEMENT

- Within five (5) business days after payment of the Settlement Amount to Gesualdo Parties, and the Settlement Amount clearing the Gesualdo Parties' bank(s), counsel for Paige shall file a Request for Dismissal with prejudice in the Paige Lawsuit;

- Within two (2) business days after the Effective Date, Frinj shall file a withdrawal, with prejudice, of its Objection to the Page Proof of Claim (Docket No. 146).

A true and correct copy of the Settlement Agreement and Mutual General Release is attached to the Declaration of John A. Ruskey III ("Ruskey Declaration") as **"Exhibit 1."**

## III. ARGUMENT

## THE SETTLEMENT SHOULD BE APPROVED

### A. The Creditors Have Received Sufficient Notice of the Settlement Agreement

Rule 9019 of the Federal Rules of Bankruptcy Procedure authorizes the Court to approve a settlement agreement following notice and an opportunity for a hearing. In the case at bar, the introduction of this Motion, which summarizes the relief sought by the Debtor, is served upon the Trustee, the SubChapter V Trustee, all creditors of the bankruptcy estate, the Office of the United States Trustee, as well as any party who have requested special notice. Even though the Motion can be filed with a notice and an opportunity for a hearing, the Debtor has decided to set the motion for a hearing, and the Notice of Hearing was served on the Trustee, the SubChapter V Trustee, all creditors of the bankruptcy estate, the Office of the United States Trustee, as well as any party who have requested special notice.

### B. The Bankruptcy Rules Allow the Court to Approve Compromise of Controversy

Rule 9019 states that "the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The "may" language of Rule 9019 indicates that the approval or disapproval of the Settlement Agreement lies within the sound discretion of the Court. For the reasons set forth below, the Court should approve the Settlement Agreement.

### C. Case Law Supports Approval of the Settlement Agreement

It is well-established that, as a matter of public policy, settlements are favored over continued litigation. *See, e.g., In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986); *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976); *In re Heissenger Resources*, Ltd., 67 B.R. 378, 382 (C.D. Ill. 1986).

The focus of inquiry in reviewing and approving compromises is whether the Settlement is reasonable under the particular circumstances of the case. *See In re General Store of Beverly Hills*, 11 B.R. 539 (9th Cir. BAP 1981). Among the factors to be considered in determining whether a settlement is fair, equitable, and reasonable are the following:

(a) the probability of success in the litigation;

(b) any impediments to collection;

(c) the complexity, expense, inconvenience and delay of litigation; and

(d) the interest of creditors with deference to their reasonable opinions.

*See A & C Properties*, 784 F.2d at 1381.

From an analysis of the foregoing factors to the facts of this case, the Court should conclude that the terms of the Settlement Agreement are fair and equitable, and well within the range of reasonableness.

a. The Probability of Success in the Litigation

The Settlement Agreement successfully resolves and extinguish all of the respective claims, obligations, disputes, and differences, including without limitation the Ralph Lawsuit, Paige Lawsuit, Frinj Bankruptcy, the Paige Proof of Interest, the Paige Proof of Claim, the Ralph Proof of Claim and all claims, causes of action, and defenses that were raised or could have been raised in any of them. The Parties seek to eliminate the costs and delay associated with the pending disputes in the Bankruptcy Case.  The Settlement Agreement removes the risks, provides certainty for the Debtor in retaining its assets, receiving the investor funding, acquiring back Paige's common stock in Frinj, and avoiding the inevitable costs of litigation.

### b. Any Impediments to Collection

Resolution of the Gesualdo Parties' litigation allows the Debtor to move forward on its path towards confirmation of the Debtor's Amended Plan of Reorganization.  The source of the payment to Gesualdo Parties to satisfy the settlement is $250,000 from the Carrier and $850,000 from Frinj's Amended Plan.  Accordingly, the impediment of collection factor, to the extent applicable, weighs in favor of approving the Motion.

### c. The Complexity, Expense, Inconvenience and Delay of Litigation

As discussed *supra*, the Settlement Agreement effectively resolves the dispute between the Parties, Gesualdo's state court action, Gesualdo's claims, and objection to Debtor's Amended Plan of Reorganization.  Additionally, the litigation of any or all of the disputes may substantially delay confirmation of Debtor's Amended Plan of Reorganization and also delay the payments to the other creditors of the estates.  The Debtor's Amended Plan is premises on investor funding, and absent a resolution of Gesualdo dispute, the investor funding will not be available to the Debtor, thus killing the Debtor's reorganization efforts.  Approval of this Settlement Agreement will ensure that Debtor can move toward plan confirmation. Based on the foregoing, this factor also weighs in favor of approving the Settlement Agreement.

### d. Interests of Creditors

As noted above, the Settlement Agreement will result in resolution of the Parties' dispute, the resolution of Gesualdo Parties' claims against the Debtor estates, without further litigation and the expense and delay associated therewith. This resolution directly inures to the benefit of all creditors and the Debtor by avoiding costly and protracted litigation.

Based on the foregoing, the Debtor respectfully submits that the Settlement Agreement is in the best interests of the estates, and requests that the Court approve the Settlement Agreement.

## IV.   **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

(1) Granting the Motion in its entirety;

(2) Finding that the notice of the Motion was proper;

(3) Approving the Settlement Agreement, which is attached hereto as Exhibit "1"; and

(4) Granting any further or additional relief deemed warranted by the Court.

Dated:  October 23, 2024                **LAW OFFICES OF MICHAEL JAY BERGER**


By:___/s/ Michael Jay Berger_____
        Michael Jay Berger
        Sofya Davtyan
        Attorneys for Debtor
        Frinj Coffee, Incorporated

MOTION PURSUANT TO F.R.B.P. 9019 TO APPROVE SETTLEMENT AGREEMENT

## DECLARATION OF JOHN A. RUSKEY III

I, John A. Ruskey III, declare and state as follows:

1.      I am the CEO and Director of FRINJ Coffee, Incorporated, the Debtor and Debtor-in-Possession in the above-captioned chapter 11 Bankruptcy. I have personal knowledge of the facts stated herein and, if called upon to testify thereto, I could and would do so competently and truthfully.

2.      On January 16, 2024, Frinj Coffee, Incorporated filed its voluntary case under chapter 11 of the Bankruptcy Code as a Subchapter V case.

3.      On or about April 12, 2021, Paige invested $500,000 in Frinj, which was memorialized by a 12% Convertible Promissory Note of even date.

4.      On or about May 1, 2021, Paige became an employee of Frinj.

5.      On or about June 3, 2021, Paige invested $700,000 in Frinj, which was memorialized by a 12% Convertible Promissory Note of even date.

6.      In January 2022, Paige loaned $200,000 to Frinj, which was memorialized by a Loan Agreement and Promissory Note dated January 26, 2022 (the "Paige Note"). On February 20, 2023, Paige assigned her rights under the Paige Note to Ralph. On March 6, 2023, Frinj paid to Paige the interest that had accrued on the loan as of February 20, 2023.

7.      In August 2022, the $1,200,000 that Paige had invested in Frinj, along with the interest accrued pursuant to the Convertible Promissory Notes, was converted to 2,369,050 shares of Frinj common stock.

8.      In or about June 2023, Paige's employment at Frinj ended.

9.      On August 28, 2023, Ralph filed a lawsuit against Frinj entitled Ralph Gesualdo v. Frinj Coffee, Inc., Santa Barbara Superior Court Case No. 23CV03712 (the "Ralph Lawsuit") alleging that Frinj breached the Paige Note by failing to fully repay it. Frinj filed an Answer denying the claim.

10.     On December 1, 2023, Paige filed a lawsuit against the Frinj Parties entitled Paige Gesualdo v. John A. "Jay" Ruskey III, et al., Santa Barbara Superior Court Case No. 23CV05305 (the "Paige Lawsuit") alleging that the Frinj Parties committed various torts, breaches of contract, and other wrongful acts and omissions. Ruskey, Shafer, and Mullins filed an Answer denying the claims.

11.     On January 16, 2024, Frinj filed a Voluntary Petition that initiated a Chapter 11, Subchapter V bankruptcy proceeding in the United States Bankruptcy Court for the Central District of California, Northern Division (the "Bankruptcy Court"), Case No. 9:24-bk-10044-RC (the "Frinj Bankruptcy"). In the Frinj Bankruptcy, (i) Paige filed (a) a Proof of Interest with respect to her common stock in Frinj (the "Paige Proof of Interest"), and (b) a Proof of Claim in the amount of $7,067,261.46 (the "Paige Proof of Claim") and (ii) Ralph filed a Proof of Claim in the amount of $239,874.23 (the "Ralph Proof of Claim"). Frinj has objected to the Paige Proof of Claim and has not objected to the Ralph Proof of Claim.

12.     On September 20, 2024, all Parties attended a mediation held before retired Los Angeles Superior Court Judge Craig D. Karlan of ADR Services, Inc. and, shortly thereafter, reached an agreement among them concerning their respective claims, rights and obligations.

13.     As a result of the mediation, the Gesualdo Parties, on the one hand, and the Frinj Parties, on the other hand, now desire to settle and extinguish all of their respective claims, obligations, disputes, and differences, including without limitation the Ralph Lawsuit, Paige Lawsuit, Frinj Bankruptcy, the Paige Proof of Interest, the Paige Proof of Claim, the Ralph Proof of Claim and all claims, causes of action, and defenses that were raised or could have been raised in any of them.

14.     The Parties have negotiated a settlement entitled "Settlement Agreement and Mutual General Release" (hereinafter the "Settlement Agreement") which contemplates the global settlement of the entire dispute between the Parties. Frinj seeks an Order of this Court

approving the Settlement Agreement. Through the Settlement Agreement, the Parties agree as follows:

- Paige Proof of Claim shall be allowed in the sum of $3,618,880.71 (the "Allowed Paige Proof of Claim") and the pro-rata distribution on such claim shall be paid pursuant to the Amended Plan of Reorganization on the Plan Effective Date;

- The Frinj Parties agree to pay Gesualdo Parties, collectively, the total sum of One Million One Hundred Thousand Dollars ($1,100,000) (the "Settlement Amount") payable on the Plan Effective Date;

- the Plan Effective Date is defined as the first business day following the date that is 30 days after the entry by the Bankruptcy Court of the Order confirming such further amended Plan of Reorganization as submitted to the Court (the "Plan Effective Date");

- Frinj's insurance carrier that is providing a defense to the Frinj Parties in the Paige Lawsuit (the "Carrier") will pay $250,000 to Paige on the Plan Effective Date;

- Frinj's bankruptcy estate will pay to Gesualdo Parties through its Amended Plan of Reorganization on the Plan Effective Date no more than $850,000, to be determined based on the Carrier's final contribution;

- The balance owing on the Settlement Amount, if any, will be guaranteed, jointly and severally by Ruskey, Shafer, and Mullins, pursuant to section 1(e) of the Settlement Agreement;

- Frinj and the guarantors reserve the right to negotiate with the Carrier but no modification of the $250,000 would be effective without the Carrier's written consent;

MOTION PURSUANT TO F.R.B.P. 9019 TO APPROVE SETTLEMENT AGREEMENT

- Upon payment of the full Settlement Amount to Gesualdo Parties, all shares of Frinj common stock currently owned by Paige will be deemed redeemed and repurchased by Frinj;

- Within five (5) business days after payment of the Settlement Amount to Gesualdo Parties, and the Settlement Amount clearing the Gesualdo Parties' bank(s), counsel for Ralph shall file a Request for Dismissal with prejudice in the Ralph lawsuit;

- Within five (5) business days after payment of the Settlement Amount to Gesualdo Parties, and the Settlement Amount clearing the Gesualdo Parties' bank(s), counsel for Paige shall file a Request for Dismissal with prejudice in the Paige Lawsuit;

- Within two (2) business days after the Effective Date, Frinj shall file a withdrawal, with prejudice, of its Objection to the Page Proof of Claim (Docket No. 146).

15.    A true and correct copy of the Settlement Agreement and Mutual General Release is attached hereto as "Exhibit 1."

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on October 23, 2024 in ___Ventura___, California.

By: _____

John A. Ruskey III

MOTION PURSUANT TO F.R.B.P. 9019 TO APPROVE SETTLEMENT AGREEMENT

# EXHIBIT-1

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (the "Agreement") is made by and between Paige Gesualdo ("Paige") and Ralph Gesualdo ("Ralph") (collectively, the "Gesualdo Parties"), on the one hand, and Frinj Coffee, Incorporated ("Frinj"), John A. "Jay" Ruskey III ("Ruskey"), Kari Shafer ("Shafer"), and Andy Donald Mullins ("Mullins") (collectively, the "Frinj Parties"), on the other hand, as of the date that this Agreement is signed by the last Party to do so.

The Gesualdo Parties and the Frinj Parties are sometimes collectively referred to as the "Parties," and each of the two groups individually referred to as a "Party." The Gesualdo Parties, on the one hand, and the Frinj Parties, on the other hand, intend this Agreement to settle and extinguish any and all of their respective obligations, disputes and differences between them.

## RECITALS

A.      On or about April 12, 2021, Paige invested $500,000 in Frinj, which was memorialized by a 12% Convertible Promissory Note of even date.

B.      On or about May 1, 2021, Paige became an employee of Frinj.

C.      On or about June 3, 2021, Paige invested $700,000 in Frinj, which was memorialized by a 12% Convertible Promissory Note of even date.

D.      In January 2022, Paige loaned $200,000 to Frinj, which was memorialized by a Loan Agreement and Promissory Note dated January 26, 2022 (the "Paige Note"). On February 20, 2023, Paige assigned her rights under the Paige Note to Ralph. On March 6, 2023, Frinj paid to Paige the interest that had accrued on the loan as of February 20, 2023.

E.      In August 2022, the $1,200,000 that Paige had invested in Frinj, along with the interest accrued pursuant to the Convertible Promissory Notes, was converted to 2,369,050 shares of Frinj common stock.

F.      In or about June 2023, Paige's employment at Frinj ended.

G.      On August 28, 2023, Ralph filed a lawsuit against Frinj entitled *Ralph Gesualdo v. Frinj Coffee, Inc.*, Santa Barbara Superior Court Case No. 23CV03712 (the "Ralph Lawsuit") alleging that Frinj breached the Paige Note by failing to fully repay it. Frinj filed an Answer denying the claim.

H.      On December 1, 2023, Paige filed a lawsuit against the Frinj Parties entitled *Paige Gesualdo v. John A. "Jay" Ruskey III, et al.*, Santa Barbara Superior Court Case No. 23CV05305 (the "Paige Lawsuit") alleging that the Frinj Parties committed various torts, breaches of contract, and other wrongful acts and omissions. Ruskey, Shafer, and Mullins filed an Answer denying the claims.

I.     On January 16, 2024, Frinj filed a Voluntary Petition that initiated a Chapter 11, Subchapter V bankruptcy proceeding in the United States Bankruptcy Court for the Central District of California, Northern Division (the "Bankruptcy Court"), Case No. 9:24-bk-10044-RC (the "Frinj Bankruptcy"). In the Frinj Bankruptcy, (i) Paige filed (a) a Proof of Interest with respect to her common stock in Frinj (the "Paige Proof of Interest"), and (b) a Proof of Claim in the amount of $7,067,261.46 (the "Paige Proof of Claim") and (ii) Ralph filed a Proof of Claim in the amount of $239,874.23 (the "Ralph Proof of Claim"). Frinj has objected to the Paige Proof of Claim and has not objected to the Ralph Proof of Claim.

J.     On September 20, 2024, all Parties attended a mediation held before retired Los Angeles Superior Court Judge Craig D. Karlan of ADR Services, Inc. and, shortly thereafter, reached an agreement among them concerning their respective claims, rights and obligations.

K.     On or about June 10, 2024 Frinj entered into an Amended and Restated Series A Preferred Stock Investment Agreement under which Frinj would receive an investment in the amount of approximately $3,000,000 (the "SIA").The SIA is awaiting approval by the Bankruptcy Court.

L.     As a result of the mediation, the Gesualdo Parties, on the one hand, and the Frinj Parties, on the other hand, now desire to settle and extinguish all of their respective claims, obligations, disputes, and differences, including without limitation the Ralph Lawsuit, Paige Lawsuit, Frinj Bankruptcy, the Paige Proof of Interest, the Paige Proof of Claim, the Ralph Proof of Claim and all claims, causes of action, and defenses that were raised or could have been raised in any of them.

**NOW THEREFORE**, in consideration of the promises and covenants set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

## AGREEMENT

1.     **Settlement Terms.**

a.     **Further Amendment to Frinj's Plan of Reorganization.** As soon as reasonably practicable, Frinj shall file a further amended Plan of Reorganization in the Frinj Bankruptcy that incorporates the terms of this Agreement and provides for a plan "effective date" that is the first business day following the date that is 30 days after the entry by the Bankruptcy Court of the Order confirming such further amended Plan of Reorganization as submitted to the Court (the "Plan Effective Date"). Provided that such further amended Plan of Reorganization complies with the terms of this Agreement, Paige and Ralph agree to vote in favor of, and not in any manner, object to or oppose, such further amended Plan of Reorganization and shall withdraw their existing objections to Frinj's present proposed Plan of Reorganization.

b.     **Allowance of the Ralph Proof of Claim.** The Parties agree that the Ralph Proof of Claim shall be allowed in full and the pro-rata distribution on such claim shall be paid pursuant to the Amended Plan of Reorganization, and on the Plan Effective Date. The Frinj

Parties shall not object to the Ralph Proof of Claim in any manner or object, oppose or seek to prevent or delay Ralph receiving his distribution from Frinj or its bankruptcy estate on account of the Ralph Proof of Claim.

        c.    **Allowance of the Paige Proof of Claim.**  The Parties agree that the Paige Proof of Claim shall be allowed in the sum of $3,618,880.71 (the "Allowed Paige Proof of Claim") and the pro-rata distribution on such claim shall be paid pursuant to the Amended Plan of Reorganization on the Plan Effective Date.  Within two (2) business days after the Effective Date (as defined below), Frinj shall file a withdrawal, with prejudice, of its Objection to the Paige Proof of Claim (Docket No. 146).  The Frinj Parties shall not object to the Allowed Paige Proof of Claim in any manner or object, oppose or seek to delay Paige receiving her distribution from Frinj or its bankruptcy estate on account of the Allowed Paige Proof of Claim.

        d.    **Settlement Payment.**  In full and final settlement of all claims of the Gesualdo Parties, including the Ralph Lawsuit, the Ralph Proof of Claim, the Paige Lawsuit, the Paige Allowed Proof of Claim, and Frinj's redemption and acquisition of all of Paige's common stock in Frinj as set forth more fully in subsections 1(f) and 1(g) below, the Frinj Parties agree to pay to Ralph and Paige, collectively, the total sum of One Million One Hundred Thousand Dollars ($1,100,000) (the "Settlement Amount") payable on the Plan Effective Date as follows: (i) $250,000 paid to Paige by Frinj's insurance company that is providing a defense to the Frinj Parties in the Paige Lawsuit (the "Carrier"), (ii) the distribution amount by Frinj or Frinj's bankruptcy estate to Ralph and Paige on account of the Ralph Proof of Claim and the Allowed Paige Proof of Claim, respectively, which amount shall be no more than $850,000, to be determined based on the Carrier's final contribution, and (iii) the balance owing on the Settlement Amount, if any, by Ruskey, Shafer and Mullins, pursuant to subsection 1(e) jointly and severally.  Frinj and the guarantors reserve the right to negotiate with the carrier but no modification of the $250,000 would be effective without the carrier's written consent. The Gesualdo Parties agree to deposit or require their counsel deposit any funds received by check pursuant to this Agreement within one (1) business day after physical receipt of the check.

        e.    **Guaranty of Entire Settlement Amount by Ruskey, Shafer and Mullins, Jointly and Severally.**  Notwithstanding anything to the contrary contained herein, Ruskey, Shafer, and Mullins further agree that they are jointly and severally liable and responsible for the payment of the entire Settlement Amount.  If the Settlement Amount is not timely paid in full for any reason whatsoever, including for the reason that the ultimate amount paid by Frinj and/or its bankruptcy estate and/or the Carrier, on account of the Ralph Proof of Claim and the Allowed Paige Proof of Claim, is insufficient to allow the full Settlement Amount to be paid to Ralph and Paige, then Ruskey, Shafer, and Mullins, jointly and severally, will immediately fund and pay to Ralph and Paige, collectively, any deficiency in the payment of the Settlement Amount.

        f.    **Return of Paige's Common Stock to Frinj.**  Upon payment of the full Settlement Amount to Ralph and Paige, collectively, and upon the Settlement Amount having cleared the Gesualdo Parties' or the Gesualdo Parties' counsel's bank, all shares of Frinj common stock currently owned by Paige will be deemed redeemed and repurchased by Frinj.

67435000

g.      **Intended Tax Treatment.** As a material term of this Agreement, the Parties agree that as between them, any and all payments, including the Settlement Amount, contemplated by this agreement: (1) made to Paige shall be characterized for tax purposes as a complete redemption (and/or sale or exchange) of Paige's common stock in Frinj, and (2) made to Ralph shall be characterized for tax purposes as the repayment of principal indebtedness. The Parties shall cooperate with one another as necessary to effectuate the tax treatment required by this Agreement and shall not take any action inconsistent therewith.

h.      **Dismissal of the Ralph Lawsuit with Prejudice.** Within five (5) business days after payment of the Settlement Amount to Ralph and Paige, collectively, and the Settlement Amount clearing the Gesualdo Parties' or the Gesualdo Parties' bank(s), counsel for Ralph shall file a Request for Dismissal with prejudice in the Ralph Lawsuit.

i.      **Dismissal of the Paige Lawsuit with Prejudice.** Within five (5) business days after payment of the Settlement Amount to Ralph and Paige, collectively, and the Settlement Amount clearing the Gesualdo Parties' or the Gesualdo Parties' bank(s), counsel for Paige shall file a Request for Dismissal with prejudice in the Paige Lawsuit.

j.      **Conditions for Settlement.** For clarity, this Settlement Agreement is conditioned upon the Bankruptcy Court's approval of the SIA and of the forthcoming further Amended Plan of Reorganization. In the event that the Bankruptcy Court does not enter an Order approving this Agreement, as executed, the SIA, as executed, and the Amended Plan as submitted by Frinj, this Agreement becomes null and void and of no force or effect and the Parties will return to the positions and retain all rights and claims that they each, respectively, held prior to the execution of this Agreement.

2.      **No Admission of Liability.** This Agreement is executed by the Parties for the sole purpose of settling all matters disputed among the Parties, and it is expressly understood and agreed, as a condition hereof, that this Agreement shall not constitute nor be construed as an admission of the truth or correctness of any claim made by any Party. Each Party acknowledges that the other Party expressly denies that any of them is in any way liable or obligated to the other, except as expressly set forth in this Agreement.

3.      **Mutual General Releases.**

a.      **Release of the Gesualdo Parties by the Frinj Parties.** Effective upon the Effective Date of this Agreement, and other than the obligations of the Gesualdo Parties under this Agreement, the Frinj Parties, on behalf of themselves and each of their past, current and future officers, directors, members, managers, shareholders, investors, principals, partners, employees, attorneys, insurers, agents, representatives, affiliates, trustees, predecessors, successors, heirs, executors, administrators, and assigns (the "Frinj Related Persons") hereby release and discharge the Gesualdo Parties and each of them and their past, current and future partners, employees, attorneys, insurers, agents, representatives, affiliates, predecessors, successors, heirs, executors, administrators, and assigns (the "Gesualdo Released Parties") from any and all claims, cross-claims, counterclaims, demands, causes of action, obligations, charges, damages, liabilities, attorneys' fees, and costs of any nature whatsoever, contingent or non-contingent, matured or unmatured, liquidated or unliquidated, whether or not known, suspected

67435000

or claimed, which the Frinj Parties or any of the Frinj Related Persons now hold or has at any time held against the Gesualdo Released Parties, or any of them.

        b.     **Release of the Frinj Parties by the Gesualdo Parties.** Effective upon the payment of the full Settlement Amount clearing the Gesualdo Parties' or the Gesualdo Parties' counsel's banks, and other than the obligations of the Frinj Parties under this Agreement, the Gesualdo Parties, on behalf of themselves and each of their past, current and future partners, employees, attorneys, insurers, agents, representatives, affiliates, predecessors, successors, heirs, executors, administrators, and assigns (hereinafter, "Gesualdo Related Persons") hereby release and discharge the Frinj Parties and each of them and their past, current and future officers, directors, members, managers, shareholders, investors, principals, partners, employees, attorneys, insurers, agents, representatives, affiliates, trustees, predecessors, successors, heirs, executors, administrators, and assigns (hereinafter, the "Frinj Released Parties") from any and all claims, cross-claims, counterclaims, demands, causes of action, obligations, charges, damages, liabilities, attorneys' fees, and costs of any nature whatsoever, contingent or non-contingent, matured or unmatured, liquidated or unliquidated, whether or not known, suspected or claimed, which the Gesualdo Parties or any of the Gesualdo Related Persons now hold or has at any time held against the Frinj Released Parties, or any of them.

        c.     **Unknown Claims.** The Parties, and each of them, agree that the releases given above shall be effective as a full and final accord and satisfaction and mutual release of all claims, demands or causes of action released herein. In furtherance of this intention, the Parties, and each of them, acknowledge that they are familiar with and understand California Civil Code section 1542 and that they hereby waive the protection of California Civil Code section 1542, which provides as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."**

        d.     **Waiver of Rights.** The Parties each waive and relinquish all rights and benefits that they have or may have under Section 1542 of the Civil Code of the State of California, or the law of any other state or jurisdiction to the same or similar effect, to the full extent they may lawfully waive all such rights and benefits pertaining to all claims. The Parties each further acknowledge, understand and agree that there is a risk and possibility that they may incur or suffer some further loss or damage that is in some way caused by or attributable to the occurrences or events released herein, but which are unknown at the time this Agreement is executed. The Parties expressly agree, however, that this Agreement and the releases set forth in this Agreement shall remain in effect notwithstanding the discovery or existence of any such additional or different claims, facts or damages.

67435000

4.    **Representations and Warranties.**

    a.    Each Party represents and warrants to each other Party that neither he, she, or it, nor any of his, her, or its agents, representatives or attorneys, nor any other person or entity, has made any promise, assurance, representation, inducement or warranty of any kind in order to induce any other Party to enter into this Agreement, whether express or implied, which is not specifically set forth in writing in this Agreement. Each Party also acknowledges that this Agreement has not been entered into in reliance upon any promise, assurance, representation, inducement or warranty not expressly set forth in writing in this Agreement.

    b.    Each Party represents and warrants to each other Party that he, she, or it has read and understands this Agreement, and that this Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of any other Party hereto. The Parties further acknowledge that they have been represented or have had the opportunity to be represented in the negotiations and preparation of this Agreement by counsel of their own choosing and that they are fully aware of the contents of this Agreement and of the legal effect of each and every provision herein.

    c.    Each person signing this Agreement on behalf of an entity represents and warrants that he or she has the full and complete right and authority to enter into this Agreement on behalf of that entity and the full and complete right and authority to execute this Agreement and any attendant instruments on behalf of that entity and to fully bind said entity Party to the terms and obligations thereof.

    d.    Each Party represents and warrants to each other Party that he, she, or it has not assigned, encumbered or in any manner transferred to any other person or entity any portion of the rights, interests or claims covered or released by this Agreement.

5.    **Non-Disparagement.**

    a.    Each Party agrees that he, she, or it will not make any derogatory, disparaging, detrimental, and/or critical statements, either orally or in writing, in any medium, to any person or entity, about any other Party or such Party's Related Persons, including, but not limited to, statements about the lawsuits, claims and defenses settled by this Agreement or the personal or business reputations, conduct, practices of, or statements made by, any of the Parties. Each Party agrees that any comment, opinion, analysis, critique, evaluation or editorialization about this Agreement or any of the Parties shall be presumed to be a disparagement except for the language permitted under subsection 5(b), below.

    b.    Nothing in this section shall prevent any Party from stating the following: "the Parties reached a settlement of their claims and disagreements. The settlement was approved by the Frinj Bankruptcy court, and as part of that settlement we have agreed not to discuss it further." The foregoing statement shall not constitute a disparagement under subsection 5(a).

67435000

6.  **Costs of Action.**  The Parties agree that they will each bear their own costs and fees incurred relating to or arising out of this Agreement, the Paige Lawsuit, the Ralph Lawsuit, and the Frinj Bankruptcy.

7.  **Further Assurances.**  The Parties shall execute any and all other documents and take any and all further steps which may be necessary or appropriate to further implement the terms of this Agreement.

8.  **Construction of Agreement.**  The language of this Agreement shall not be construed for or against any particular Party.  No Party, nor any of the Parties' respective attorneys, shall be deemed the drafter of this Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them.

9.  **Governing Law.**  This Agreement is made and entered into in the State of California.  The rights and obligations of the Parties hereunder shall in all respects be construed, interpreted, enforced and governed in accordance with the laws of the State of California as applied to contracts entered into by and between residents of California to be wholly performed within California, without regard to conflicts of laws principles.  Any action to enforce the terms of this Agreement, or any of them, shall be brought in the Superior Court for the County of Los Angeles or the Bankruptcy Court.

10.  **Severability.**  Should any part, term or provision of this Agreement be declared or determined by any court or other tribunal of appropriate jurisdiction to be invalid or unenforceable, any such invalid or unenforceable part, term or provision shall be deemed stricken and severed from this Agreement only to the extent necessary to make this Agreement lawful and enforceable and any and all of the other terms of the Agreement shall remain in full force and effect to the fullest extent permitted by law.

11.  **Successors and Assigns.**  This Agreement is binding upon the Parties and their assigns, successors, beneficiaries, representatives, affiliates, principals and agents.

12.  **Headings.**  Heading, titles and captions contained in this Agreement are asserted only as a matter of convenience and are for reference purposes only.  Such headings, titles and captions are intended in no way to define, limit, expand, or describe the scope of this Agreement or the intent of any other provision hereof.

13.  **Sole Agreement.**  Except as otherwise stated in this Agreement, this Agreement represents the sole and entire agreement between the Parties with respect to the subject matters covered hereby, and supersedes all prior agreements, negotiations and discussions between the Parties hereto and/or their respective counsel with respect to the subject matters covered hereby.

14.  **Amendment to Agreement.**  Any amendment to this Agreement must be in a writing signed by duly authorized representatives of all of the Parties hereto and stating the intent of the Parties to amend this Agreement.

15.  **Counterparts.**  This Agreement may be executed in one or more counterparts, each of which shall be an original but all of which, together, shall be deemed to constitute a single document.  Facsimile, electronically scanned, and electronically created (e.g., DocuSign)

67435000

Docusign Envelope ID: 1F25C2E6-99F1-48D2-8381-6AF9BA44D90C

signatures shall be deemed to constitute original signatures. Photographic, PDF, and facsimile copies of such signed counterparts may be used in lieu of the originals of this Agreement for any purpose.

16. **Bankruptcy Court Approval.** This Agreement, including but not limited to the releases and guaranties contained herein, is not effective until the Bankruptcy Court enters on the docket in the Frinj Bankruptcy an Order approving this Agreement; the date the Bankruptcy Court enters such Order is the "Effective Date" of this Agreement. The Parties will, diligently and in good faith, seek the Bankruptcy Court's approval to this Agreement, and will cooperate to resolve any concerns the Court might have to ensure this Agreement can go into effect as soon as reasonably possible. Frinj shall, by no later than October 23, 2024, file with the Bankruptcy Court in the Frinj Bankruptcy a motion to approve this Agreement and the compromise and settlement contained herein. In the event that the Bankruptcy Court does not enter an Order approving this Agreement, and an Order confirming the further amended Plan of Reorganization referred to in section 1.a above, including the SIA, this Agreement becomes null and void and of no force or effect and the Parties will return to the positions, and retain all rights and claims, that they each, respectively, held immediately prior to the execution of this Agreement.

SIGNATURE PAGE FOLLOWS

67435000

IN WITNESS WHEREOF, the Parties have executed this Agreement on the date(s) set forth below.

Dated: October 11, 2024

FRINJ COFFEE, INCORPORATED

By:  John A. "Jay" Ruskey III

Its:  President and Chief Executive Officer

Dated: October 11, 2024

JOHN A. "JAY" RUSKEY III

Dated: October 11, 2024

KARI SHAFER

Dated: October 11, 2024

ANDY DONALD MULLINS

Dated: October ___ , 2024

PAIGE GESUALDO

Dated: October ___ , 2024

RALPH GESUALDO

IN WITNESS WHEREOF, the Parties have executed this Agreement on the date(s) set forth below.

Dated: October ___, 2024                  FRINJ COFFEE, INCORPORATED

_____

By:  John A. "Jay" Ruskey III

Its:  President and Chief Executive Officer

Dated: October ___, 2024                  _____
                                          JOHN A. "JAY" RUSKEY III

Dated: October ___, 2024                  _____
                                          KARI SHAFER

Dated: October ___, 2024                  _____
                                          ANDY DONALD MULLINS

Dated: October 12.00, 2024                *Paige Gesualdo*
                                          PAIGE GESUALDO

Dated: October 11.00, 2024                *Ralph Mauro*
                                          RALPH GESUALDO

67435000

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**9454 Wilshire Boulevard, 6th floor**
**Beverly Hills, CA 90212**

A true and correct copy of the foregoing document entitled (*specify*):   **Notice of Motion and Motion MOTION PURSUANT TO**
**F.R.B.P. 9019 TO APPROVE SETTLEMENT AGREEMENT BETWEEN DEBTOR FRINJ COFFEE, INCORPORATED, CREDITORS**
**PAIGE AND RALPH GESUALDO, AND OTHER SETTLING PARTIES INCLUDING: (1) JOHN A. RUSKEY III; (2) ANDY D. MULLIN;**
**(3) KARI SHAFER; DECLARATION OF JOHN A. RUSKEY III IN SUPPORT THEREOF  (with Hearing)**   will be served or was
served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR,
the foregoing document will be served by the court via NEF and hyperlink to the document. On _10/23/24_ , I checked the CM/ECF
docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice
List to receive NEF transmission at the email addresses stated below:
**Counsel for Debtor: Michael Jay Berger**    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
**U.S. Trustee: Brian David Fittipaldi**    brian.fittipaldi@usdoj.gov
**Counsel for Paige Gesualdo: Thomas M Geher**    tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
**Subchapter V Trustee: Mark M Sharf (TR)**    mark@sharflaw.com,
C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
**United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov
**Interested Party: Larry D Webb**    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com
**U.S. SBA: Anne C Manalili**    Anne.Manalili@sba.gov
**State Compensation Insurance Fund: Andrew Ramos**    scif.legal.bk@scif.com
**Interested Party: Karen L Grant**    kgrant@silcom.com
**Counsel for SUN BZL: William C Beall**    will@beallandburkhardt.com, carissa@beallandburkhardt.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On _10/23/24_ , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and
addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours
after the document is filed.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each
person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _10/23/24_ , I served the following persons and/or entities
by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be
completed no later than 24 hours after the document is filed.

**Honorable Ronald A. Clifford III**
**United States Bankruptcy Court**
**Central District of California**
**1415 State Street, Suite 233 / Courtroom 201**
**Santa Barbara, California 93101-2511**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| _10/23/24_ | Peter Garza | /s/Peter Garza |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California

*December 2012*                                Page 3                        **F 9013-1.1.HEARING.NOTICE**

**2. SERVED BY UNITED STATES MAIL**:

Paige Gesualdo
1155 Dulzura Dr.
Santa Barbara, CA 93108

Paige Gesualdo
c/o Jeffer Mangels Butler Mitchell
Attn: Andrew I. Shadoff, Esq.
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-4308

Ralph Gesualdo
1418 N. Greenay Rd.,
Lake Forest, IL 60045

Kent Bakke and Moira Kennely (The Investors)
4800 Fremont Avenue N, Apt 222
Seattle, WA 98103

Kent Bakke and Moira Kennely (The Investors)
c/o Stoel Rives LLP
Attn: John S. Kaplan, Esq.
600 University St., Ste. 3600
Seattle, WA 98101

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-9
Case 9:24-bk-10044-RC
Central District of California
Santa Barbara
Tue Oct 22 18:39:31 PDT 2024

1362 Farren Road
Goleta, CA 93117-5319

Ruskey Living Trust
Law Offices of Karen L. Grant
924 Anacapa St. Ste 1m
Santa Barbara, CA 93101-2156

UNITED STATES OF AMERICA on behalf of the IN
U.S. Attorney's Office - Tax Divisi
300 N. Los Angeles Street, Room 7211
Attn: Angela Gill
Los Angeles, CA 90012-3342

Northern Division
1415 State Street,
Santa Barbara, CA 93101-2511

Agricultural Commissioner's Office
Weights and Measures
263 Camino del Remedio
Santa Barbara, CA 93110

Alison DiFiore
50 Summer ST
Gloucester, MA 01930-3653

Allen Van Deynze
3333 Monte Vista
Davis, CA 95618-4928

American Experess Blue Card
c/o Becket and Lee
P.O. Box 0001
Los Angeles, CA 90096-0001

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Amy Koman
477 N. Lindberg Blvd. Ste. 300
Saint Louis, MO 63141-7856

Andrew Mullins
40225 Parado Del Sol
Temecula, CA 92592-9062

Andrew Mullins
40225 Parado Del Sol Dr.
Temecula, CA 92592-9062

Andy Mullins
40225 Parado Del Sol Dr.
Temecula, CA 92592

Ben Meyers
227 Cereus St.
Encinitas, CA 92024-2106

Bill Silva
15760 Ventura Bl. Ste.
Encino, CA 91436

Brent Herald
12447 Tocchi Dr.
Fort Wayne, IN 46845-8633

Bruce Vazzana
34 Gateview Rd.
Fallbrook, CA 92028-9232

Bryan Hoffman
45591 Sandia Creek Dr.
Temecula, CA 92590-4143

Calvin Zara
4100 Matilija Canyon Rd.
Ojai, CA 93023-9541

Caravela Coffee LLC
601 W Rosemeary St. Ste
Chapel Hill, NC 27516-2354

Carl Steffens
PO Box 173859
Denver, CO 80217-3859

Cecillla Chi-Ham
18010 Ruddy St.
Woodland, CA 95695-6040

Christopher Peck
19720 Winter Wren Loop
Bend, OR 97702-3254

Connor Mcclelland
4820 Tacayme Dr.
Oceanside, CA 92057-5314

Dan Cox
480 Autumn Hill Ln
Shelburne, VT 05482

Darlo Cantu
909 Maswquite Dr.
Davis, CA 95618-2579

David Bubenheim
PO Box 867
El Granada, CA 94018-0867

David Smargon
6271 Westmorland P1
Goleta, CA 93117-1608

Franchise Tax Board
Bankruptcy Section MS A340
PO BOX 2952
Sacramento CA 95812-2952

Gato Fuerte LLC
c/o Dr. Steven Hollstien, CEO
1390 North Fariview
Goleta, CA 93117-1854

2332 Sunrise Meadows Dr.
Las Vegas, NV 89134-6927

Grant Ferrier
4452 Park Bl. Ste. 306
San Diego, CA 92116-4049


Griffin Hall
1133 E. Cota St. Apt. C
Santa Barbara, CA 93103-2564

Hood Family Trust
c/o Sally Hood
100 Stratford Court
Del Mar, CA 92014

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346


Jack & Niekie Ruskey
2240 West Live Oak Dr.
Los Angeles, CA 90068-2528

James Fredette
PO Box 9806
Newport Beach, CA 92658-1806

James Pardee Jr. Trust
7311 Santa Barbara St
Carlsbad, CA 92011-4638


Jason Mraz
11620 Wilshire Blvdw Ste. 580
Los Angeles, CA 90025-1778

Jeff Brown
1320 Barger Canyon Rd.
Somis, CA 93066

Joan Seavey
19015 Bayhill Lane
Huntington Beach, CA 92648-6121


John A. Ruskey III
1362 Farren Road
Santa Barbara, CA 93117-5319

Juan Medrano
PO Box 6884
Vacaville, CA 95696-6884

Julie Klaus
PO Box 634
Rancho Santa Fe, ca 92067-0634


Julie Tafel Klaus Trust
PO Box 634
Rancho Santa Fe, CA 92067-0634

Kari Shafer
925 N Hope Ave
Santa Barbara, CA 93110-1232

Kari Shafer
925 North Hope Ave
Santa Barbara, CA 93110-1232


Kaytlin O'Dell
3877 Sheldon
Ventura, CA 93003-3141

Kristen Ruskey
1362 Farren Rd.
Goleta, CA 93117-5319

Lance Frautschi
4900 Sand Canyon Rd.
Somis, CA 93066-9658


Law Office
PO Box 703
Nemo, TX 76070-0703

Law Office of Nina Yablok
PO Box 703
Nemo, TX 76070-0703

Lindsey Bolger
1402 Maggie's Way
Waterbury Center, VT 05677-8330


Luke Mccormack
10601 Edinburg Dr.
Spotsylvania, VA 22553-1734

Madden Family Trust
301 S. Pointsettia Ave
Manhattan Beach, CA 90266

Marc Schaberg
1030 Acanto Place
Los Angeles, CA 90049-1604


Mark Cassani
1907 Beechwood Ave
Nashville, TN 37212-5403

Mark Gaskell
671 N. Fifth St.
Grover Beach, CA 93433-1317

Mark Szcerba
107 Chambersburg Way
Folsom, CA 95630

Marta Matvienko
2604 Lalamazoo
Davis, CA 95618-2582

Mark Di Costantino Jr
7035 Gobernador Canyon Road
Carpenteria, CA 93013-3126

Michael Dubin
13335 Maxella Ave
Marina Del Rey, CA 90292-5619

Michael Jay Berger
Law Offices of Michael Jay Berger
9454 Wilshire Boulevard, 6th floor
Beverly Hills, CA 90212-2980

Michael Masino
7035 Gobernador Canyon Rd.
Carpinteria, CA 93013-3126

Mindful Outdoor Retreats
1362 Farren Rd.
Goleta, CA 93117-5319

Mindful Outdoor Retreats
c/o John A. Ruskey III
1362 Farren Rd.
Goleta, CA 93117-5319

Nancy Pedneault
231 Greenbrook Dr.
Danville, CA 94526-5214

Nina Yablok
PO Box 76070
Bryan, TX 77802

Northern Farms SB
c/o John & Kari Ellsworth
6250 S. Airpark Pl.
Anchorage, AK 99502-1865

Omid Asbaghi
5718 Meadows Del Mar
San Diego, CA 92130

Pacific Premier Trust Custodian
c/o Carl H. Steffens 1RS
1890 Santa Monica Rd.
Carpinteria, CA 93013

Paige Gesualdo
1155 Dulzura Dr.
Santa Barbara, CA 93108-1925

Paige Gesualdo
c/o Jeffer Mangels Butler & Mitchell LLP
Attn: Thomas M. Geher
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-4301

Paige Gesualdo
c/o Jeffer Mangels Butler Mitchell
Attn: Andrew I. Shadoff, Esq.
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-4301

Por La Mar Nursery
905 S. Patterson Ave.
Goleta, CA 93111-2407

Porlamar Nursey
905 S. Patterson Ave.
Goleta, CA 93111-2407

Ralph Gesualdo
2400 S. 108 St.
Milwaukee, WI 53227

Ralph Gesualdo
2400 S.108 St.
Milwaukee, WI 53227-1904

Ralph Gesualdo
c/o Jeffer Mangels Butler & Mitchell LLP
Attn: Thomas M. Geher
1900 Avenue of the Stars, 7th Fl.
Los Angeles, CA 90067-4301

Ralph Gesualdo
c/o Jeffer Mangels Buttler Mitchell
Attn: Andrew I. Shadoff, Esq.
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-4301

Remilynn Ho
21 E. Los Olivos St.
Santa Barbara, CA 93105-3525

Ricardo Koyner
Palo Alto Rd. 4039
4039 Boquete Chiriqui Rep
Panama

Richard Masino
220 West Pine Ave
El Segundo, CA 90245-2226

Roger M. Laverty III
700 The Strand
Manhattan Beach, CA 90266

Ron Caird
PO Box 60307
Santa Barbara, CA 93160-0307

Ruskey Living Trust
c/o Nicole and John A. Ruskey, Trustees
861 Corte Pastoral
Camarillo CA 93010-7418

Ruskey Living Trust c/o
Nicole and John A. Ruskey, Trustees
2240 Live Oak Drive West
Los Angeles, CA 90068-2528

Sally Hood
100 Straford Court
Del Mar, CA 92014-3219

Samuel Veneagas
423 S. Canada St. Apt. D
Santa Barbara, CA 93103-3577

Scott Kvancz
1634 De La Vina St
Santa Barbara, CA 93101-2924

Stephen Doty
7 Crest Rd. E.
Palos Verdes Peninsula, CA 90274-5224

Steven Hollstien
1390 North Fairview
Goleta, CA 93117-1854

Subramanyeswara Arekapudi
924 Truckee Valley Dr.
Reno, NV 89511-7320

Suzanne Plucinkis
21 Linden Rd.
Watsonville, CA 95076-0807

Todd D' Alessio
1128 1/2 W Thorn St.
San Diego, CA 92103

Trevor Veltman
PO Box 2170
Fallbrook, CA 92088-2170

U.S. Small Business Administration
1545 Hawkins Blvd Suite 202
El Paso, TX 79925-2654

U.S. Small Business Administration
300 N. Los Angeles Street
Fed. Blvd Rm 7516
Los Angeles, CA 90012-3308

(p)U S  SMALL BUSINESS ADMINISTRATION
312 N SPRING ST 5TH FLOOR
LOS ANGELES CA 90012-4701

Uline
12575 Uline Dr
Pleasant Prairie WI 53158-3686

United States Trustee (ND)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Valley Heart Ranch
c/o Darrell Becker
PO Box 41459
Santa Barbara 93140-1459

West Lilic Farms I1, LLC
7311 Santa Barbara Street
Carlsbad, CA 92011-4638

West Lilic Farms II, LLC
7311 Santa Barbara Street
Carlsbad, CA 92011-4638

William Ristenport
1631 Tamarack Lane
Davis, CA 95616-1026

Zurich American Insurance Company
ATTN Jessica Melesio
PO Box 68549
Schaumburg, IL 60168-0549

(p)MARK SHARF
6080 CENTER DRIVE SUITE 600
LOS ANGELES CA 90045-1540

Michael Jay Berger
9454 Wilshire Blvd 6th Fl
Beverly Hills, CA 90212-2980

Paige Gesualdo
c/o Jeffer Mangels Butler & Mitchell LLP
Thomas M. Geher
1900 Avenue of the Stars
7th Floor
Los Angeles, CA 90067-4301

Ralph Gesualdo
c/o Jeffer Mangels Butler & Mitchell LLP
Thomas M. Geher
1900 Avenue of the Stars
7th Floor
Los Angeles, CA 90067-4301

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

U.S. Small Business Administration
Office of General Counsel
312 North Spring Street, Floor 5
Los Angeles, CA 90012

(d)US Small Business Administration
312 North Spring St., 5th Fl
Los Angeles, CA 90012

Mark M Sharf (TR)
6080 Center Drive #600
Los Angeles, CA 90045

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

(u)Law Office Larry Webb

(u)SUN BZL, LLC


(d)FRINJ Coffee, Incorporated
1362 Farren Road
Goleta, CA 93117-5319

(d)John A. Ruskey III
1362 Farren Road
Santa Barbara, CA 93117-5319

(u)Luis Bakker Guerra
Calle Manuel Burbano S/N Puembo
Quito Equador


(d)U.S. Small Business Administration
1545 Hawkins Blvd., Suite 202
El Paso, TX 79925-2654

(u)Kent Bakke

(u)Moira Kennelly


End of Label Matrix
Mailable recipients   111
Bypassed recipients     9
Total                 120